UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY KLUMP,

        Plaintiff,

v.                                           Case Number: 09-12189-BC
                                            Honorable Thomas L. Ludington

O-N MINERALS COMPANY, CARMEUSE
LIME & STONE, INC., CARMEUSE LIME, INC.,

        Defendants.
_____/

**ORDER ADJOURNING HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING BRIEFING ON SUBJECT MATTER JURISDICTION**

        Plaintiff Randy Klump was riding his bicycle across a dock owned by the Defendants when he slipped on loose gravel and fell, fracturing his clavicle. At the time of the fall, he was employed as a cook aboard the M/V David Z. Norton, a vessel owned by a corporate affiliate of the Defendants. The M/V David Z. Norton was moored at the Defendants' dock in Rogers City, Michigan, and Plaintiff was traversing the dock on his way back to the vessel following shore leave. A suit against the owner of the vessel, filed pursuant to the Jones Act, 46 U.S.C. § 30104, is also pending in this Court. Case No. 08-10120-BC.

        The complaint in this case contends that the Defendants, as owners of the dock, owed Plaintiff a duty to maintain the dock in reasonably safe condition, inspect the dock for defects, and warn him of dangerous conditions that the Defendants knew about, or reasonably should have known about. Now before the Court is Defendants' motion for summary judgment, which contends that under Michigan tort law, the scope of the dock owners' duty to business invitees[1] does not

---

[1] Plaintiff's status as an invitee, rather than a licensee, is apparently not contested.

include a duty to protect Plaintiff from potential hazards that are "open and obvious." Plaintiff responds that the allegedly dangerous condition—loose, wet gravel—was not open or obvious, and even if it were, "special aspects" of the condition mean it is still actionable. The hearing on Defendants' motion for summary judgment, scheduled for February 4, 2010 at 2:00 p.m., will be adjourned to permit additional briefing on whether the court has subject matter jurisdiction over this dispute.

Article III, Section 2 of the U.S. Constitution establishes the outer limits of the federal courts' power to adjudicate cases and controversies. Congress, by statute, has established the particular circumstances where federal jurisdiction is appropriate. In this case, the Plaintiff and at least one Defendant are citizens of the State of Michigan, meaning there is no diversity of citizenship. 28 U.S.C. § 1332. Nor is there a federal question in this suit; the Jones Act and other federal statutes governing liability in suits by seamen do not apply. 18 U.S.C. § 1331. According to the complaint, jurisdiction over this matter is proper under 28 U.S.C. § 1333(1), which grants federal district courts original jurisdiction in "[a]ny civil case of admiralty or maritime jurisdiction . . . ." Tort claims are subject to federal admiralty jurisdiction if the incident occurred on a navigable waterway, or if it occurred on land but was caused by a vessel on navigable waters, and the event is connected to traditional maritime activity. *Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 533 (1995). Even conceding that the events at issue in this case are connected to traditional maritime activity, they did not occur on a navigable waterway, nor were they caused by a vessel on navigable waters. *See Martin v. West*, 222 U.S. 191, 197 (1911) (holding that a bridge is "essentially a land structure" because it is "maintained and used as an aid to commerce on land"), *superseded by* 46 U.S.C. § 30101; *Cleveland T. & V.R. Co. v. Cleveland S.S. Co.*, 208 U.S. 316, 319

(1908) (noting that "bridges, shore docks, protection piling, piers, etc." are not within admiralty jurisdiction because they are connected to the shore and used for commerce on land), *superseded by* 46 U.S.C. § 30101; *The Plymouth*, 70 U.S. (3 Wall.) 20, 34 (1865) (holding that admiralty jurisdiction applies only to torts committed "wholly" on navigable waters) *superseded by* 46 U.S.C. § 30101.

Although the cases holding that a dock or pier is an extension of land have been superseded by statute, the statute specifically extends admiralty jurisdiction to injuries occurring on land only if they were caused by a vessel on navigable waters. 46 U.S.C. § 3101. For example, admiralty jurisdiction now extends to injuries caused by a vessel negligently colliding with a dock. *See Cleveland T. & V.R. Co.*, 208 U.S. 316. In this case, it appears that the injuries occurred on land, and that their cause, although disputed, was not a vessel on navigable waters. Consequently, it appears this Court is without jurisdiction to adjudicate this dispute. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lack subject-matter jurisdiction, the court must dismiss the action.").

Moreover, even if admiralty jurisdiction is applicable to this case, it is not clear why Michigan tort law should govern rather than general maritime law. "With admiralty jurisdiction . . . comes the application of substantive admiralty law." *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 206 (1996) (citation and quotations omitted). The parties have treated this case as a Michigan tort case involving citizens of Michigan. If that is the case, this Court is without jurisdiction. Additional briefing will be ordered on the issue of subject matter jurisdiction before reaching the merits of Defendants' motion for summary judgment. The briefing should focus on whether this Court's admiralty jurisdiction extends to this case, and if it does, whether Michigan

premises liability law is applicable.

Accordingly, it is **ORDERED** that Plaintiff is **DIRECTED** to submit a supplemental brief on or before **February 25, 2010**. The supplemental brief shall be no more than ten pages in length.

It is further **ORDERED** that Defendant is **DIRECTED** to submit a response on or before **March 11, 2010**. The response brief shall be no more than ten pages in length.

It is further **ORDERED** that the hearing scheduled for **February 4, 2010** is **ADJOURNED**. The hearing will be rescheduled, if necessary, after the parties supplemental briefing has been received.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 3, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 3, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS